# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

---------------------------------------------------------------------------------------------

| | |
|---|---|
| United States of America ex rel.<br>Lisa Veteto and Ronda Butler,<br><br>State of Tennessee ex rel.<br>Lisa Veteto and Ronda Butler<br><br>     Plaintiff/Relators,<br><br><br>Vs.<br><br><br>Dr. Wendell McAbee;<br>Middle Tennessee Radiology Assoc., P.C.;<br>Coffee Medical Group LLC d/b/a<br>United Regional Medical Center;<br>Issiac Donald Exum;<br>Dr. Gary B. Bryant;<br>Dr. Council Rudolph;<br>A. Bappa Mukherji;<br>Dr. Glen Davis;<br>Levoy Knowles;<br>Dr. Harrison Yang;<br>Dr. Mark Goldfarb;<br>Dr. David Florence;<br>Dr. Ray Troop;<br>Dr. Neil Christopher;<br>Dr. Bill Bradford;<br><br>     Defendants, | **FILED IN CAMERA**<br>**AND UNDER SEAL**<br><br><br><br><br><br><br><br><br><br>**QUI TAM COMPLAINT**<br>**and JURY DEMAND**<br><br><br>**DOCKET NO.** 1:09cv126<br>Collier/Lee |

---------------------------------------------------------------------------------------------

## COMPLAINT

The Plaintiffs/Relators Lisa Veteto and Ronda Butler, allege, by and through their

attorney, O. Michael Carter, as follows:

1

# I.

## Nature of the Action

1. Relators bring this civil action on behalf of themselves, the United States of America, and the State of Tennessee seeking treble damages, penalties, compensatory and punitive damages, costs, and attorneys fees pursuant to the Qui tam provisions of the False Claims Act, 31 USC 3729-3733 and the Tennessee Medicaid False Claims act, TCA 71-5-181 et seq. The action alleges the defendant(s) knowingly, acting alone or in concert, in individual and or corporate capacities did violate:

2. The False Claims Act, 31 USC 3729 et seq. and the Tennessee Medicaid False Claim Act, TCA 71-5-181 et seq.

3. The Stark Law 42 USC 1395nn

4. The Deficit Reduction Act of 2005 Pub Law Numbers 109-71 section 6032

5. Section 1128 (a) (1) of the Social Security Act and its regulations at 42 CFR 482 specifically 42 CFR 482.12

6. 31 USC Sec 3729(a)(1)(A)(3) by submitting claims and receiving payments in violation of Provider Agreements and Certifications executed by Defendants in order to obtain authority to bill the United States of America and/or the State of Tennessee.

7. Plaintiffs further allege, the Defendants acting alone or in concert, personally or in corporate capacities, acted in such ways as to constitute Common Law Fraud; Payments made by the United States of America and/or the State of Tennessee by mistake and Unjust Enrichment.

## II.

### Jurisdiction and Venue

8. This Court has subject matter jurisdiction pursuant to 31 USC 3730 and 3732(a) pursuant to 28 USC 1345. The Court has pendant jurisdiction over state claims by virtue of 28 USC 1367.

9. Venue is proper in this District pursuant to 28 USC 1391 (b) and 1391 (c) and 31 USC 3732 (a). Virtually all actions complained of occurred within this Division of the District.

## III.

### Plaintiff Relators

10. Relator, Lisa Veteto, is an adult resident citizen of Spenser County, Kentucky. From September 19, 2006 to February 26, 2009, she was employed by Coffee Medical Group, LLC a Tennessee Limited Liability Company doing business as United Regional Medical Center (URMC). Her employment included Nursing Home Administrator and later the Chief Executive Officer of United Regional Medical Center.

11. Relator, Ronda Butler, is an adult resident citizen of Warren County, Tennessee. She was employed by Middle Tennessee Radiology Associates, P.C., (MTR) a Tennessee Professional Corporation for seventeen years ending approximately July 22, 2007. During her term she served approximately the last five years as MTR's Business Office Manager.

## IV.

### DEFENDANTS

12. Wendell McAbee (McAbee) is an adult resident citizen of Warren County, Tennessee. He is a Medical Doctor specializing in Radiology and practicing his profession at

3

URMC. He may be served with process at 1001 McArthur, Street Manchester, Tennessee 37355.

13. Middle Tennessee Radiology Assoc., P.C. (MTR) is a Tennessee Professional Corporation owned solely by Wendell McAbee. It is located at 170 Omni Drive, McMinnville, Tennessee and Wendell McAbee is the registered agent for service of Process at same address. It is contracted to provide Radiology services to United Regional Medical Center in Manchester, Tennessee.

14. Issiac Donald Exum (Exum) is an adult resident citizen of Warren County, Tennessee residing at 856 Miriah Dr., McMinnville, Tennessee, where he may be served with process. At all times alleged herein he was employed by URMC as a Radiology Technician.

15. Gary B. Bryant (Bryant) is an adult resident citizen of Warren County, Tennessee. He is a Medical Doctor practicing in Manchester, Tennessee with staff privileges at URMC.

16. Coffee Medical Group, LLC is a for profit Limited Liability Company organized under the laws of the State of Tennessee. It's present address is 1001 McArthur Dr. Manchester, Tennessee, where it does business as United Regional Medical Center. (URMC). The registered agent for service of process is Mark Williams at Court Square Bldg. 121 North, Irwin Street, Manchester, Tennessee 37355.

17. The following Defendants were members of the Governing Body, as defined at 42 CFR 482.12, of Coffee Medical Group, LLC d/b/a United Regional Medical Center during the years shown below:

### THE GOVERNING BODY OF URMC FOR 2005

18. Wendell McAbee (McAbee) is an adult resident citizen of Warren County, Tennessee. He is a Medical Doctor specializing in Radiology and practicing his profession at

4

URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355. During the year 2005 he was the only Board member of URMC.

## THE GOVERNING BODY OF URMC FOR 2006 AND 2007

19. Dr. David Florence (Florence) is an adult resident citizen of Coffee County, Tennessee. He is a Medical Doctor practicing at URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355.

20. Dr. Ray Troop (Troop) is an adult resident citizen of Warren County, Tennessee. He is a Medical Doctor practicing at URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355.

21. Dr. Neil Christopher (Christopher) is an adult resident citizen of Coffee County, Tennessee. He is a Medical Doctor practicing at URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355.

22. Dr. Bill Bradford (Bradford) is an adult resident citizen of Coffee County, Tennessee. He is a Medical Doctor practicing at URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355.

23. Dr. Council Rudolph (Rudolph) is an adult resident citizen of Coffee County, Tennessee. He is a Medical Doctor practicing at URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355.

24. A. Bappa Mukherji (Mukherji) is an adult resident citizen of Franklin County, Tennessee. He may be served with process at 9003 Overlook Boulevard, Brentwood, Tennessee 37110.

5

25. Dr. Glenn Davis (Davis) is an adult resident citizen of Coffee County, Tennessee. He is a Medical Doctor practicing at URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355.

26. Levoy Knowles (Knowles) is an adult resident citizen of Warren County, Tennessee. He may be served with process at 311 North Chancery Street, McMinnville, Tennessee 37110.

27. Dr. Wendell McAbee (McAbee) is an adult resident citizen of Warren County, Tennessee. He is a Medical Doctor specializing in Radiology and practicing his profession at URMC. During this time he served as Chairman of the Board of Directors of URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355.

28. Dr. Harrison Yang (Yang) is an adult resident citizen of Coffee County, Tennessee. He is a Medical Doctor practicing his profession at URMC. He may be served with process at 1001 McArthur Street, Manchester, Tennessee 37355.

29. Dr. Mark Goldfarb (Goldfarb) is an adult resident citizen of Davidson County, Tennessee. He is a Medical Doctor practicing his profession at URMC. He may be served with process at 4230 Harding Road, Suite 330, Nashville, Tennessee 37205.

## URMC OFFICERS FOR 2006 AND 2007

30. Levoy Knowles served as Chief Manager during the times aforesaid.

31. Dr. Neil Christopher served as Secretary during the times aforesaid.

## THE GOVERNING BODY OF URMC 2008

32. Plaintiffs allege, the required Annual Report due the Secretary of State by April 1, 2009, was not timely made by URMC. Plaintiffs therefore allege, on information and belief, the following are directors of URMC from July 26, 2007 to the date of filing of the Complaint.

Dr. Glenn A. Davis          (Chairman)     (3 Years)

6

| Dr. Neil Christopher | (Secretary)    (1 Year) |
| Dr. David Florence | (6/30/07 - 1 Year) |
| Dr. Ray Troop | (6/30/07 - 1 Year) |
| Dr. Mark Goldfarb | (6/30/07 - 1 Year) |
| Dr. William Bradford | (6/30/07 - 2 Year) |
| Dr. Council Rudolph | (6/30/07 - 1 Year) |
| Bappa Mukherji | (6/30/07 - 1 Year) |
| Levoy Knowles | (6/30/07 - 3 Year) |
| Dr. Wendell McAbee | (6/30/07 - 3 Year) Chairman of Finance Committee |
| Dr. Harrison Yang | (6/30/07 - 1 Year) |

## URMC OFFICERS FROM 2008 TO DATE

Levoy Knowles, Chief Manager

Dr. Neil Christopher, Secretary

## V.

## FACTUAL ALLEGATIONS

## VIOLATIONS OF FALSE CLAIMS ACT 31 USC § 3729 et.seq. and TCA 71-5-181 et seq.

33. Plaintiffs allege that McAbee, sole owner of MTR and as Chairman of the Board of Directors of URMC together with Exum, an employee of United Regional Medical Center (URMC) entered into a course of conduct intentionally to defraud the United States of America and/or the State of Tennessee by filing false claims. The defendants knowingly agreed to unlawfully conduct certain Barium/Fluro Studies, which Exum referred to as Fluro Studies. Such procedures require the presence of a Radiologist or a Radiological Technologist, certified

7

and trained to perform such procedures, to protect the patient's safety. Plaintiffs will show that in fact no such professional was present.

34. Exum, individually and as an employee of URMC, would perform the Barium/Fluro Studies in the absence of McAbee or any other certified professional present to protect the patient. Plaintiffs allege that Exum is not certified to conduct such studies alone. Exum would then knowingly and purposefully enter or cause to be entered fraudulent data that the tests were performed as required for reimbursement into the hospital's billing system for payment by the United States of America and/or the State of Tennessee. Payments were in fact made by the United States of America and/or the State of Tennessee based on fraudulent bills being certified and submitted.

35. The test data was later viewed by McAbee from a remote location using URMC's Picture Archiving and Commutation System (PACS). This system allows test data to be transmitted to off sight locations for interpretation and analysis. Plaintiffs allege that McAbee, at times, studied the results and dictated his analysis from a remote location in such a way as to appear that he was present at the exam as required by law. At other times he would go to URMC late in the afternoon or night to read the exams, never revealing his absence during the exam.

36. Relator Butler alleges that Exum called her at MTR to advise he was faxing an invoice covering certain Barium /Fluor studies he had conducted for McAbee. Exum further stated that by his agreement with McAbee he was to receive twenty-five dollars ($25.00) per study for his efforts.

37. Relator Butler avers that she called McAbee to inquire of the matter. She restated her conversation with Exum and advised that an invoice was being faxed to her that morning. McAbee instructed her to pay the invoice submitted by Exum, stating that Exum was helping

8

him at URMC. At this time McAbee was Chairman of the Board at URMC and Exum was an employee of URMC.

38. On or about January 24, 2007, Exum came to MTR to pick up his first check. He stated to Butler that he was working for McAbee performing Fluro studies at URMC and McAbee was, "paying him under the table."

39. Some specific examples of the fraudulent acts committed by McAbee, MTR, Exum and URMC, acting alone or in concert, are as follows:

**40. Note: A sealed envelope attached as Exhibit A contains the Protected Health Information concerning these examples and should be opened only as allowed by the Heath Portability and Accountability Act of 1996 Public Law 140-191 (HIPAA).**

| Patient | I/P-O/P | Test | Admitting Dr. | Date Performed |
|---------|---------|------|---------------|----------------|
| #1 | Outpatient | Barium Enema(BE) | Yang | 12-4-06 |
| #2 | Inpatient | BE | Yang | 12-4-06 |
| #3 | Inpatient | BE | Yang | 12-6-06 |
| #4 | Outpatient | BE | Young | 12-8-06 |
| #5 | Outpatient | Barium Swallow Small Bowel/GI | Florence | 12-13-06 |
| #6 | Outpatient | GI | Harlow | 12-20-06 |

41. An invoice documenting Exum's contributions to the fraud, involving patients 1-6 and in the handwriting of Exum, was transmitted by facsimile from URMC Radiology Department number 931-728-5807 at 10:25 am on January 5, 2007, to "Attn: Ms. Rhonda Butler" then business manager of MTR at fax number 931-473-9695. As directed by McAbee MTR issued its Check #22243, dated 1-24-07, to compensate Exum for his participation in the

scheme. A photo copy of this Patient Health Information (PHI) included as sealed Collective Exhibit A. ( two pages, cover sheet and invoice)

42. Additional specific examples of the fraudulent acts committed by McAbee, MTR, Exum, and URMC, acting alone or in concert, are as follows:

| #7  | Outpatient | Barium Enema     | Davis/Blankenship         | 2-16-07 |
|-----|------------|------------------|---------------------------|---------|
| #8  | OP         | BE               | Yang                      | 2-16-07 |
| #9  | OP         | BE               | Yang                      | 2-21-07 |
| #10 | OP         | BE               | Florence                  | 2-22-07 |
| #11 | OP         | BE               | Wiley/Blankenship         | 2-23-07 |
| #12 | IP         | BE               | Yang                      | 2-21-07 |
| #13 | OP         | BariumSwallow/GI | Harlow                    | 2-5-07  |
| #14 | OP         | GI               | Harlow                    | 2-7-07  |
| #15 | OP         | BE               | Yang                      | 2-9-07  |
| #16 | OP         | BE               | Tamula/Blankenship        | 2-14-07 |
| #17 | OP         | BE               | Blankenship               | 2-14-07 |

43. An invoice prepared by Exum was submitted to and paid by MTR by Check 22390, dated February 28, 2007, covering patients 7-17. Attached hereto is a photo copy of this PHI information included as sealed Collective Exhibit B. (three pages, cover sheet and two invoices)

44. Additional specific acts of fraud committed by McAbee, Exum, MTR, and URMC, acting alone or in concert, are as follows:

| #18 | Outpatient | GI  | Florence | 5-1-07 |
|-----|------------|-----|----------|--------|
| #19 | OP         | GI  | Yang     | 5-1-07 |
| #20 | OP         | BE  | Yang     | 5-7-07 |

10

| #21 | OP | BE | Yang | 5-8-07 |
|-----|-----|-----|-----|-----|
| #22 | NursingHome Pat | BA/SW | Davis | 5-18-07 |
| #23 | NursingHome Pat. | GI | Davis | 5-18-07 |
| #24 | OP | Air Contrast BE | Towns/Henson | 5-21-07 |
| #25 | OP | BA/SW | Blankenship | 5-23-07 |
| #26 | OP | GI | Yang | 5-30-07 |

45. An invoice prepared by Exum was submitted to and paid by MTR by check # 22760, dated May 30, 2007, covering patients 18-26. Attached hereto is a photo copy of this PHI information included in sealed Collective Exhibit C. (three pages, cover sheet and two invoices)

46. Plaintiffs allege that McAbee, MTR, Exum, and URMC, acting alone and or in concert, and in their official and individual capacities, knowingly caused bills to be submitted for payment as described above in violation of 20.2.4-2b Payment to Physician for Purchased Diagnostic Test (Rev 135, 04-02-04) MEDICARE CLAIMS PROCESSING MANUAL CHAPTER 13-Radiology Services and Other Diagnostic Procedures (MCPM Ch. 13).

47. Plaintiffs allege that diagnostic procedures described above in paragraphs 40 through 45 were knowingly preformed in violation of MCPM Ch. 13 and were submitted and paid by the United States of America and/or the State of Tennessee.

48. Plaintiffs upon information, knowledge, and belief, allege this scheme involved other Radiology Technicians; however, Plaintiffs are currently without specific details required to meet the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. (FRCP)

## VI.

## VIOLATIONS OF STARK LAW

## 42 USC § 1395nn

49. Relators allege that in April 2007, McAbee, acting individually and or in his official capacity as Chairman of the Board of URMC, and or as sole owner of MTR, negotiated an agreement with Bryant to provide him staff privileges at URMC. The agreement also provided that Bryant would move his medical practice from Woodbury, Tennessee to Manchester, Tennessee.

50. Under this arrangement McAbee, acting individually, as sole owner of MTR and on behalf of URMC as it Chairman, knowingly agreed that each entity would make certain payments and provide certain services to Bryant for the operation of his medical practice in exchange for his referral of patients to URMC.

51. Under the arrangement Bryant would receive the following:

   a. Free rent on his office at 1321 McArthur Drive, Suite B, Manchester, TN by URMC

   b. Non Medical staffing to be provided at no cost by URMC

   c. Medical staff to be provided at no cost by URMC

   d. Medical supplies provided at no cost by URMC

   e. Utilities paid by URMC

   f. Telephone service paid by URMC

   g. Loans and or financial payments provided by URMC and or McAbee and or MTR

   h. Moving services provided by URMC

12

52. Bryant's agreed obligations under the arrangement were to be "a good referrer" of patients to URMC.

53. Relator Butler was involved in the negotiations and asked McAbee what would justify such an arrangement. McAbee responded that Bryant is a "great referrer,". Further, McAbee acknowledged legal problems with the agreement but stated to Butler "no one will ever know."

54. Relator Veteto while the Chief Executive Officer of URMC was instructed by McAbee, acting as Chairman of the Board, to look for ways to cut the operating cost of the hospital. She gave her report at a breakfast meeting attended by Davis, Martha McCormick Logan, Chief Operating Officer of URMC and Bob George the then Chief Financial Officer of URMC. Veteto was aware of some of the details of the arrangement with Bryant and saw a large savings to URMC by eliminating the agreement. At the breakfast meeting Veteto's first inquiry of McAbee was concerning the arrangement with Bryant. McAbee responded that the arrangement, "will only last two to four months and we can't just abandon him."

55. Plaintiffs allege this unlawful arrangement lasting from May 14, 2007, to January 31, 2009, was violative of the Stark Law and does not fit within any exception under the act.

56. As a result of the agreement Bryant was in fact a good referrer to URMC. As a specific example, Bryant referred 175 patients during the month of August 2007, alone. The patients consisted of 55 Medicare, 46 Medicaid, 31 Blue Cross, 14 Commercial and 29 Private pay.

57. As additional violations of the Stark law, Veteto further alleges during the years 2004 to present URMC paid taxes for certain entities wholly or partly, owned by physicians who referred patients to URMC. Plaintiffs allege that such payments constitute a direct benefit to the

13

physician owners of the entities and were made, in whole or part, to induce or compensate for referrals to URMC.

58. Some specific examples are as follows:

a. United Regional Physicians Group, LLC (URPG) is a for profit Tennessee Limited Liability Company that owns property in Manchester, Coffee County, Tennessee, map parcel number 01 085A C 085A 00400. Physicians who are owners, among others, of URPG include McAbee and Davis.

b. 2004 City of Manchester taxes in the amount of three thousand three hundred forty seven dollars and twenty seven cents ($3,347.27) paid by URMC check number 6764 dated October 12, 2005.

c. 2005 City of Manchester taxes in the amount of three thousand three hundred forty seven dollars and twenty seven cents ($3,347.27) plus interest of three hundred and one dollars and twenty-five cents ($301.25) for a total of three thousand six hundred forty eight dollars and fifty- two cents ($3,648.52) paid by URMC check number 6764 dated August 31, 2006. Additionally, 2005 Coffee County taxes were paid in the amount of three thousand one hundred ninety dollars ($3,190.00) paid by URMC check number 6762 dated August 31, 2006. Interest and penalty was paid in the amount of two hundred eighty seven dollars and ten cents ($287.10) by URMC check number 6763 dated August 31, 2006, totaling three thousand four hundred seventy seven dollars and ten cents ($3,477.10).

d. 2006 City of Manchester taxes in the amount of six thousand one hundred and five dollars and sixty-five cents ($6,105.65) plus interest of five hundred forty nine dollars and fifty one cents ($549.51) by URMC check number 9152.

14

e. 2006 Coffee County taxes in the amount of five thousand four hundred seven dollars ($5,407.00) plus penalty of four hundred eighty seven dollars ($487.00) by UMRC check number 9145 paid August 22, 2007.

59. Additional tax payments were made by URMC for the use and benefit of United Regional Physicians Group, LLC (URPG) who also owns property in Manchester, Coffee County, Tennessee, map parcel number 01 085A C 085A 00300. Physicians who are owners, among others, of URPG include McAbee and Davis. Some specific examples are as follows:

a. 2004 City of Manchester taxes of one thousand one hundred ninety seven dollars and seventy five cents ($1,197.75) plus interest of two hundred thirty three dollars and fifty six cents ($233.56) for a total of one thousand four hundred thirty one dollars and thirty one cents ($1,431.31) by URMC check number 5569 dated March 31, 2006.

b. 2005 City of Manchester taxes of one thousand one hundred ninety seven dollars and seventy five cents ($1,197.75) plus interest of one hundred seven dollars and eighty cents ($107.80) for a total of one thousand three hundred five dollars and fifty five cents ($1.305.55) by URMC check number 6764 dated August 31, 2006.

c. 2005 Coffee County taxes in the amount of one thousand one hundred forty two dollars ($1,142.00) by URMC check number 6762 dated August 31, 2006 plus interest of one hundred two dollars and seventy eight cents ($102.78) by URMC check number 6763 dated August 31, 2006.

d. 2006 City of Manchester taxes of two thousand one hundred twenty seven dollars and forty four cents ($2,127.44) by URMC check number 9152.

15

e. 2006 Coffee County taxes of one thousand eight hundred eighty four dollars ($1,884.00) plus interest of one hundred seventy dollars ($170.00) for a total of two thousand fifty four dollars ($2,054.00) by URMC check number 9145 dated August 22, 2007.

60. Plaintiffs allege that McAbee and Davis received the direct benefit of URMC paying the real estate taxes of URPG in exchange, in part, for their referral of patients.

61. Plaintiffs allege upon information and belief that the Stark violations detailed above are but a few of many such violations; however, Plaintiffs do not currently possess evidence containing the requisite specificity to plead as required by Rule 9 of FRCP.

62. Plaintiffs allege, upon information, knowledge, and belief the tax payments stated above, were added on the Annual Cost Reports sent to the United States of America and or the State of Tennessee.

63. Plaintiffs further allege that URMC by paying improper expenses and including them on its cost reports committed fraud by knowingly and intentionally inflating its costs in its sworn annual cost report to the United States of America and/or the State of Tennessee, resulting in greater reimbursements to URMC.

## VII.

## DEFICIT REDUCTION ACT OF 2005

## 109 P.L.171 § 6023

64. The Deficit Reduction Act of 2005 (DRA) sets forth specific requirements that must be met in order to bill the United States of America and/or the State of Tennessee for medical services.

65. Plaintiffs allege that URMC received five million dollars or more in payments as defined under section 6032 of the DRA.

16

66. Plaintiffs allege that section 6032 required URMC to, as a condition to billing the

United States of America and/or the State of Tennessee, the following:

(A) establish written policies for all employees of the entity (including Management), and of any contractor or agent of the entity, that provide detailed information about the False Claims Act established under sections 3729 through 3733 of title 31, United States Code, administrative remedies for false claims and statements established under chapter 38 of title 31, United States Code, any State laws pertaining to civil or criminal penalties for false claims and statements, and whistleblower protections under such laws, with respect to the role of such laws in preventing and detecting fraud, waste, and abuse in Federal health care programs (as defined in section 1128B(f);

(B) include as part of such written policies, detailed provisions regarding the entity's policies and procedures for detecting and preventing fraud, waste and abuse; and

(C) include in any employee handbook for the entity, a specific discussion of the laws described in subparagraph (A), the rights of employees to be protected as whistleblowers, and the entity's policies and procedures for detecting and preventing fraud, waste, and abuse.

67. Plaintiffs will show that on or about April 23, 2007, URMC received a notice from

the State of Tennessee regarding section 6032 of the DRA concerning its compliance.

68. On June 19, 2007, URMC received a second notice from the State of Tennessee

concerning its compliance with section 6032 of the DRA.

69. On or about July 6, 2007, URMC received a third inquiry from the State of

Tennessee-Dept of Finance and Administration- Bureau of TennCare requesting that URMC

submit its Policies and Procedures developed under the DRA. It reminded those operating as a

"Corporate Entity" receiving or making Medicaid payments in excess of five million dollars

(5,000,000.) of their duties under the DRA.

70. After a series of inquires Relator will show she was advised the DRA didn't apply

and she should not respond.

71. Plaintiff Veteto alleges that Employee Handbook in existence on the date of filing this complaint was last amended in 2003.

72. Relator Veteto alleges that URMC willfully and knowingly failed and refused to comply with Section 6032 of the DRA as it relates to URMC or any third party contractors, a condition precedent to billing the United States of America and/or the State of Tennessee.

## VIII.

## THE GOVERNING BODY AS DEFINED BY 42 USC 482.12

73. The members of the Governing Body (sometimes referred to as Board of Directors or Board of Trustees) as detailed for the years above in paragraphs 18-32 failed in their legal and fiduciary duties to the patients of URMC, its staff, its investors and the United States of America and/or the State of Tennessee by allowing URMC to be operated in a fraudulent and unlawful manner. Plaintiffs will show the Governing Body knew, or should have known, that they had no meaningful control or supervision of the operation of URMC, and failed to undertake any action(s) to protect the patients, staff or investors or to insure the lawful operation of same.

74. The Governing Body knowingly failed to provide an effective compliance program to encourage and protect employees to bring forth concerns about the operations of URMC, review billing practices for accuracy and audit the facility for compliance with all applicable rules, leaving Relators no alternative but to bring this suit. Additionally, the Governing Body knowingly failed to comply with the DRA, failed to review to see that tests performed were necessary and properly performed, and that the billings for testing and that payments made for those services were lawful.

18

75. Plaintiffs allege, as a result the failures of the members of the Governing Body set forth above, they and each of them, are therefore jointly and severally liable for all damages alleged herein.

76. Plaintiffs allege, as a condition precedent to billing the United States of America URMC filed a MEDICARE ENROLLMENT APPLICATION - INSTITUTIONAL PROVIDERS - CMS FORM NUMBER 855A. The approval of this application is required in order to receive any Federal funds for medical services. Further, Plaintiffs allege that section 14 of the application details the penalties for providing false information in order to obtain payment. Plaintiffs further allege that section 15: Certification Statement is a statement of URMC that it will follow all Medicare laws, regulations and program instructions, including but not limited to, the Stark Law.

77. Plaintiffs allege, as a condition precedent to billing the United States of America and/or the State of Tennessee, McAbee, Davis and Bryant each filed a MEDICARE ENROLLMENT APPLICATION - PHYSICIANS AND NON PHYSICIAN PRACTITIONERS - CMS FORM NUMBER 855I. The approval of this application is required in order for any physician to bill and or receive any Federal funds for medical services. Further, Plaintiffs allege that section 14 of the application detail the penalties for providing false information in order to obtain payment. Plaintiffs further allege that section 15: Certification Statement is a statement of Bryant that it will follow all Medicare laws, regulations and program instructions, including but not limited to, the Stark Law.

## CAUSES OF ACTION

## FALSE CLAIMS ACT-PRESENTATIONS OF FALSE CLAIMS

### COUNT ONE

78. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as though fully set forth herein.

79. Defendants knowingly submitted false and fraudulent claims to the United States of America and/or the State of Tennessee in violation of 31 USC Sec. 3729 (a) (1)., and/or TCA 71-5-182.

## FALSE CLAIMS ACT-VIOLATION OF STARK LAW

### COUNT TWO

80. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as though fully set forth herein.

81. That McAbee individually and URMC by and through McAbee, its Chairman of the Board of Directors, and its employee Exum, and MTR acting together with Bryant, McAbee and Davis as physician owners of URPG did knowingly create and fund unlawful and prohibited financial relationships in violation of the Stark Law, 42 USC 1395 nn.

## FALSE CLAIMS ACT- FAILURE TO COMLY WITH D.R.A. OF 2005

### COUNT THREE

82. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as though fully set forth herein.

83. URMC by and through its Governing Body failed and refused to comply with the DRA section 6032 and therefore all claims submitted after January 1, 2007, to date are false

20

claims submitted and paid by the United States of America and/or the State of Tennessee in violation of URMC's Certifications aforesaid.

## FALSE CLAIMS ACT-VIOLATION OF CERTIFICATIONS

### COUNT FOUR

84. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as though fully set forth herein.

85. McAbee, Davis and Bryant knowingly violated Section 15 paragraph 4 of their Medicare Program Enrollment application by submitting or causing to be submitted and paid bills in violation of Medicare Laws and Regulations including but not limited to the Stark Law.

## FALSE CLAIMS ACT-VIOLATION OF CERTIFICATIONS

### COUNT FIVE

86. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as though fully set forth herein.

87. URMC by and through its employee Exum and McAbee, acting as Chairman of the Board of URMC, knowingly violated its Medicare Program Enrollment Application wherein Section 15 paragraph 3 it agreed to abide by all Medicare laws, regulations and program instructions including but not limited to the Stark Law.

## FALSE CLAIMS ACT-CONSPIRACY

### COUNT SIX

88. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as though fully set forth herein.

21

89. Defendants, acting jointly and severally, conspired to defraud the United States of America and/or the State of Tennessee by submitting false and fraudulent claims which were paid. These alleged acts are in violation of 31 USC 3729 (3)(4)(7) and or TCA 71-5-182.

## FALSE CLAIMS ACT-CONCEALMENT

### COUNT SEVEN

90. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as though fully set forth herein.

91. Defendants, acting alone or in concert, acted to defraud the United States of America and/or the State of Tennessee by concealing the true facts related to their entitlement to reimbursement in order to unlawfully obtain and avoid refunding such funds.

## FALSE CLAIMS ACT---COST REPORTS

### COUNT EIGHT

92. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as fully set forth herein.

93. The defendants, acting alone and or in concert, knowingly committed fraud in the annual cost by including expenses that are not related to patient care and by inflating expenses that are related to patient care in violation of 31 USC 3729 (a).

## COMMON LAW FRAUD, PAYMENTS MADE BY UNITED STATES BY MISTAKE

## AND UNJUST ENRICHMENT

### COUNT NINE

94. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77, as fully set forth herein.

95. That the acts alleged above constitute Common Law Fraud, payments made by the United States of America and/or the State of Tennessee by Mistake and Unjust Enrichment.

**WHEREFORE**, the United States of America and the State of Tennessee and Relators pray for a judgment pursuant to the False Claims Act, 31 USC 3927 et. seq., the Tennessee Medicaid False Claims Act, TCA 71-5-181 et seq.; as well as 42 CFR 482.12 against all defendants, jointly and severally as follows:

a. Treble the amount of actual damages incurred by the United States of America and/or the State of Tennessee;

b. Civil penalties in the amount of $10,000.00 for each false claim;

c. Civil penalties of $15,000.00 for each claim in violation of the Stark Law 42 USC 1395nn

d. Refund of all claims paid since July 1, 2007, in violation of the Deficit Reduction Act of 2005 plus:

(1) Treble the amount of claims filed and paid.

(2) Civil penalties in the amount of $10,000.00 for each claim filed and paid.

e. That the Relators receive an award pursuant to 31 USC 3730 (d) and TCA 71-5-183

f. That Relator's attorney receive a reasonable attorney's fee, reimbursement of all costs and expenses incurred in the prosecution of this action pursuant to 31 USC 3730 (d) and TCA 71-5-183

g. A refund of all funds paid by the Plaintiffs resulting from a mistake of fact plus pre-judgment interest and punitive damages.

h. A refund of all payments made to defendants unlawfully which resulted in their unjust enrichment plus pre judgment interest and punitive damages.

i. Pursuant to rule 38 of the Federal Rules of Civil Procedure Plaintiffs hereby demands a

jury to try all issues when joined.

j. For such other damages and relief as the Court deems appropriate.

Respectfully Submitted for Plaintiffs:

By: _____

O. Michael Carter
TN. Bar No. 6353
9405 Apison Pike
Ooltewah, Tennessee 37363
Phone: 423-315-3816

## CERTIFICATE OF SERVICE

I, O. Michael Carter, attorney for Plaintiffs/ Relators, do hereby certify that I have this day
forwarded a true and correct copy of the forgoing Compliant together with the disclosure of
material evidence required by FRCP 4 and the Seal Order to:

Ms. Betsy Tompkin
Assistant United States Attorney
800 Market Street
Knoxville, Tennessee 37902
And
Robert Cooper
Attorney General for the State of Tennessee
425 5th Ave. North
Nashville, Tennessee 37202

by appropriate means with proof of delivery.

So certified this the _/5+h_ day of May, 2009.

_____

O. Michael Carter

24