UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | ) | |
| THE STATE OF TENNESSEE, *ex rel.* | ) | |
| [UNDER SEAL], | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:09-CV-126 |
| v. | ) | |
| | ) | Collier / Lee |
| [UNDER SEAL], | ) | |
| | ) | |
| Defendants. | ) | |

**FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> THE STATE OF TENNESSEE, *ex rel.* ) <br> LISA VETETO and RHONDA BUTLER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DR. WENDELL McABEE, *et al.*, ) <br> ) <br> Defendants. ) | No. 1:09-CV-126 <br><br> Collier / Lee <br><br> **FILED UNDER SEAL** |

## ORDER

Before the Court are *two ex parte* motions of the United States of America ("United States") and the State of Tennessee ("Tennessee") (collectively "Movants"). The first motion [Doc. 11] seeks an extension of time in which to determine whether to intervene in this *qui tam* action under the federal False Claims Act ("FCA") and the Tennessee Medicaid False Claims Act ("Tennessee Act") [Doc. 11]. This is the fourth extension of time requested by Movants in this matter, which was originally filed in May 2009. Movants seek an extension of 90 days, during which time the complaint would remain under seal. *See* 31 U.S.C. § 3730(b)(3); Tenn. Code Ann. § 71-5-183(b)(3). The second motion [Doc. 13] asks for a partial lifting of the seal in order to allow Movants to share a redacted copy of the complaint with Defendants. Movants represent that the relators do not oppose the extension or the partial lifting of the seal.

An extension of time may be granted under the FCA or the Tennessee Act only for "good cause" shown. 31 U.S.C. § 3730(b)(3); Tenn. Code Ann. § 71-5-183(b)(3); *United States ex rel Dahlman v. Emergency Physicians Prof'l Ass'n*, 2004 WL 287559, at *1 (D. Minn. 2004). This "good cause" requirement is "a substantive one, which the government can only satisfy by stating

2

a convincing rationale for continuing the seal." *United States ex rel Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190 (N.D. Cal. 1997). "Good cause" is not established "merely upon a showing that the [g]overnment was overburdened and had not had a chance to address the complaint." *Id.* However, "a pending investigation of the allegations contained in the *qui tam* complaint will often establish 'good cause' for staying the civil action." *Id.*

In support of its motions, the United States offers the declaration of Special Assistant United States Attorney Peter M. Coughlan ("Coughlan") [Doc. 12]. In seeking the previous extension of time, Coughlan stated that subpoenas had been served to several persons and entities, and responses were due on January 21, 2011. Now, Coughlan states that each recipient has retained counsel and submitted responsive documents. Coughlan notes, however, that Movants have identified several deficiencies in the production. Movants seek the requested extension of time and the partial lifting of the seal in order to confer with defense counsel, complete the document production, and enable the defendants to cooperate more fully with the investigation and to better respond to the allegations. Based on Coughlan's declaration, I **FIND** Movants have shown good cause for the extension and the partial lifting of the seal. Accordingly, the motions for an extension of time and for a partial lifting of the seal [Doc. 11; Doc. 13] are **GRANTED**. The deadline for the United States and Tennessee to intervene or decline this action is extended up to and including **July 13, 2011**. Movants may share a redacted copy of the complaint with Defendants, but the seal shall remain in effect as to all other filings in this matter through that date.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE